IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AUDREY GUTIERREZ-HOGANS,**

      **Plaintiff,**

  v.                                 **Civil Action 2:19-cv-5363**
                                         **Chief Judge Algenon L. Marbley**
                                         **Magistrate Judge Jolson**

**JPMORGAN CHASE & CO.,**

      **Defendant.**

### REPORT AND RECOMMENDATION

On April 9, 2020, the Undersigned granted counsel for Plaintiff's Motion to Withdraw. (Doc. 13). It directed Plaintiff to inform the Court within thirty days whether she intended to proceed with this case pro se. (*Id*. at 2). But that Order was returned as undeliverable. (Doc. 14). On May 19, 2020, the Undersigned directed Plaintiff to file a notice within twenty-one (21) days with her current contact information. (Doc. 15). That mail was also returned as undeliverable. (Doc. 16). On June 22, 2020, the Undersigned issued a Show Cause Order, directing Plaintiff to show cause why the case should not be dismissed for want of prosecution. Again, that order was returned as undeliverable. (Doc. 18).

The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits." The measure is available to the Court

"as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district court to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

As the Undersigned has explained in previous orders, and as stated in the *pro se* handbook, *pro se* litigants have an obligation to keep the Court updated regarding changes in address and/or phone number; failure to do so will result in dismissal of the case for lack of prosecution. As it appears that Plaintiff has abandoned this case, that is what must happen here. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket, the interest in expeditious resolution of litigation, and the risk of prejudice to the defendant" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). Finally, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.

The Undersigned, therefore, **RECOMMENDS** that this case be dismissed for want of prosecution.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.

Date:  July 23, 2020                                         /s/ Kimberly A. Jolson
                                                            KIMBERLY A. JOLSON
                                                            UNITED STATES MAGISTRATE JUDGE