# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **AUDREY GUTIERREZ-HOGANS,** | : |
| | : Case No. 2:19-cv-5363 |
| **Plaintiff,** | : |
| | : **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. | : |
| | : Magistrate Judge Kimberly A. Jolson |
| **JPMORGAN CHASE & CO.,** | : |
| | : |
| **Defendant.** | |

## OPINION & ORDER

### I. INTRODUCTION

This matter comes before the Court on Magistrate Judge Jolson's July 23, 2020 Report and Recommendation that this case be dismissed for want of prosecution. (ECF No. 19). The Court **ADOPTS** the Magistrate Judge's Report and Recommendation. The matter is hereby **DISMISSED WITH PREJUDICE**.

### II. BACKGROUND

Plaintiff filed the complaint on December 6, 2019. (ECF No. 1). Subsequently, on January 27, 2020 Magistrate Judge Jolson granted a stay on litigation pending arbitration and ordered that a joint status report be filed by April 27, 2020. (ECF No. 9). On April 8, 2020, Plaintiff's counsel filed a motion to withdraw citing counsel's own inability to communicate with Plaintiff despite several attempts via telephone, electronic mail, and regular U.S. mail and Plaintiff's failure to return any correspondence. (ECF No. 12). Magistrate Judge Jolson granted the Motion to Withdraw as Counsel on April 9, 2020 and directed Plaintiff to inform the Court within thirty days whether she intended to proceed with the case *pro se*. (ECF No. 13). The order was returned as undeliverable. (ECF No. 14). In response, on May 19, 2020, Magistrate Judge Jolson issued an

order directing Plaintiff to apprise the Court of her current contact information within twenty-one days. (ECF No. 15). This order was also returned as undeliverable. (ECF No. 16). Finally, on June 22, 2020, an order was issued directing Plaintiff to show cause by July 6, 2020 and warned Plaintiff that failure to do so would result in the Magistrate's recommendation that the case be dismissed for want of prosecution. (ECF No. 17). Like the previous orders, the show cause order was returned as undeliverable. (ECF No. 18). Due to Plaintiff's failure to show cause Magistrate Judge Jolson issued the Report and Recommendation that this case be dismissed for want of prosecution on July 23, 2020. (ECF No. 19). To date Plaintiff has not informed the Court of her intent to proceed *pro se*, provided updated contact information, nor filed an objection.

### III.   LAW & ANALYSIS

Federal Rule of Civil Procedure 41(b) grants the court authority to dismiss a legal action when "[t]he plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). This power is essential for the district courts effectively to manage its docket and to avoid unnecessarily burdening both the tax-supported courts and the opposing parties. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In determining whether to dismiss a case for want of prosecution the court considers the following factors: (1) if the party's failure to prosecute is the result of "willfulness, bad faith, or fault;" (2) if the opponent "was prejudiced by the dismissed party's conduct;" (3) if the plaintiff "was warned that failure to cooperate could lead to dismissal;" and (4) if "less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* No single factor is dispositive; thus, each must be weighed in light of the circumstances of the case. *U.S. v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

A court should exercise its discretion cautiously when deciding to dismiss a case for want of prosecution when the complainant is a *pro se* litigant. Dismissal is proper, however, when the

2

plaintiff demonstrates a pattern of delay and appears to have abandoned the case. *Surgenor v. Moore,* No. 1:16-CV-1179, 2019 WL 5538482, at *2 (S.D. Ohio Oct. 25, 2019), *report and recommendation adopted*, 1:16-CV-1179, 2019 WL 7290540 (S.D. Ohio Dec. 30, 2019*).* Lesser sanctions are rendered futile when a plaintiff fails to notify the court of current contact information. *Id.* at *3. For instance, dismissing a case pursuant to Rule 41(b) is an appropriate sanction when a *pro se* litigant fails to provide the court with a current address. *Rogers v. Ryan*, CV 16-12735, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017).

First, in the instant case, as noted in the Magistrate's Report and Recommendation, Plaintiff's prior counsel filed a motion to withdrawal and cited Plaintiff's failure to communicate with counsel as the reason that necessitated the withdraw. (ECF Nos. 12, 19). After granting counsel's withdrawal, the Magistrate Judge ordered Plaintiff to inform the Court of her intentions to proceed with the case within thirty days. (ECF Nos. 13, 19).  Plaintiff failed to respond and further failed to respond to subsequent orders, including the order to show cause. (ECF Nos. 13, 19). It is apparent that Plaintiff is at fault for the want of prosecution in this case and has demonstrated a pattern of delay both with her former representation and the Court.

Second, to prolong the case will unduly burden the Court and the defendant. This case has been pending since December 6, 2019 and the Court granted Plaintiff's motion to stay litigation pending arbitration on January 27, 2020 and directed the parties to file a joint status report by April 27, 2020. (ECF Nos. 1, 9). During the intermediary period between the stay of litigation and the due date of the joint status report counsel attempted to contact Plaintiff over a period of months without success. (ECF No. 12). Due to Plaintiff's failure to respond to counsel or contact the court, it is evident that if the case is not dismissed, it will cause undue delay and burden upon the court and the defendant.

Third, Magistrate Judge Jolson issued orders for Plaintiff to contact the court on April 9, 2020, May 19, 2020, and July 6, 2020. (ECF Nos. 13, 15, 17). In the April 9, 2020 order Magistrate Judge Jolson directed Plaintiff to inform the court within thirty (30) days whether she intended to proceed with the case *pro se*. (ECF No. 13). Plaintiff failed to notify the Court on her intentions to proceed with the case and the order was returned undeliverable. (ECF No. 14). Another order was issued on May 19, 2020 directing Plaintiff to apprise the Court of her contact information and that failure to do so could result in the dismissal of the case for want of prosecution. (ECF No. 15). Plaintiff did not contact the Court and a show cause order was issued on June 22, 2020, in which she was again warned that if she did not show cause by July 6, 2020, then the Magistrate would recommend the case be dismissed. (ECF No. 17). Plaintiff has not responded to any court orders, has not expressed any intention to proceed *pro se*, and has not hired another attorney. The facts suggest that Plaintiff has abandoned the case despite the Court's several attempts to warn Plaintiff of dismissal.

Fourth, a lesser sanction is futile due to the Court's inability to contact the Plaintiff. After consideration of all factors this Court concludes that dismissal of the instant action is appropriate.

## IV.    CONCLUSION

For the foregoing reasons, this Court **ADOPTS** Magistrate Judge Jolson's July 23, 2020 Report and Recommendation, (ECF No. 19), thereby obviating the need for resolution on Defendant's Motion to Dismiss, (ECF No. 21). This matter is hereby **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

ALGENON L. MARBLEY
**CHIEF UNITED STATES DISTRICT JUDGE**

**Dated: November 18, 2020**

4